UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Brendalis Roldan,<br><br>                    Plaintiff,<br><br>        -against-<br><br>Bronx Pro Realty, et al.,<br><br>                    Defendants. | 1:25-cv-05943 (DEH) (SDA)<br><br>OPINION AND ORDER |

**STEWART D. AARON, United States Magistrate Judge**:

Pending before the Court is a motion by Brendalis Roldan ("Plaintiff") filed at ECF No. 10 titled "Verified Petition for Writ of Mandamus," in which Plaintiff asks this Court to issue a writ of mandamus directing the United States District Court for the Southern District of New York ("SDNY") to cease proceedings in this matter and transfer this action to a "neutral federal district." (Verified Pet., ECF No. 10, at PDF p. 4.) Also before the Court is a motion by Plaintiff for an immediate hearing and ruling on her pending "motion to change venue." (Pl.'s 8/13/25 Mot., ECF No. 18.) For the reasons set forth below, Plaintiff's motion seeking a writ of mandamus is DENIED and her motion for an immediate hearing and ruling is DENIED AS MOOT.

## BACKGROUND

### I.   Plaintiff's Other Actions In This Court

In April 2025, Plaintiff, a Bronx resident, filed an action in the SDNY titled *Roldan v. Waksberg, et al.*, asserting claims under the False Claims Act ("FCA") against Bronx County Family Court Judge Waksberg and others relating to alleged misconduct in connection with custody proceedings. (*See* 4/16/25 Compl., 25-CV-03169 ECF No. 1 (under seal); *see also* 4/28/25 Order, 25-CV-03169, ECF No. 2, at 1 (discussing claim).) Chief Judge Swain dismissed that action without

prejudice on May 30, 2025, after Plaintiff failed to retain an attorney, because FCA claims may not be brought by *pro se* litigants. (Order of Dismissal, 25-CV-03169 ECF No. 6.) In response, Plaintiff made several filings, including a request for documents in order to review alleged clerical errors, which the Court construed as a motion for reconsideration and denied on June 25, 2025. (6/25/25 Order, 25-CV-03169 ECF No. 15.)

On May 29, 2025, Plaintiff filed another action in this Court against Judge Waksberg and others, asserting claims under the FCA, as well as other claims, entitled *Roldan v. Family Court of the City of New York et al*. (Compl., 25-CV-04594 ECF No. 1.) On June 4, 2025, Plaintiff purported to remove her custody case from Bronx Family Court to this Court. (*See* Notice of Removal, 25-CV-04594 ECF No. 8.) On June 24, 2025, Plaintiff filed another action in this Court, entitled *Roldan v. Nick*, alleging misconduct, such as delays and misfilings, by the SDNY Clerk's office in connection with her two then-pending cases. (5/29/25 Compl., 25-CV-05412 ECF No. 1.)

On July 2, 2025, Magistrate Judge Tarnofsky recommended, *inter alia*, that the custody case be remanded to state court and that Plaintiff be given leave to amend in Case No. 25-CV-04594. (7/2/25 R&R, 25-CV-04594 ECF No. 28.) Plaintiff objected to the Report and Recommendation, including on grounds of alleged procedural misconduct and bias. (*See* 7/14/25 Omnibus Notice of Fraud, 25-CV-04594 ECF No. 30.) On August 15, 2025, District Judge Rearden adopted the Report and Recommendation and Plaintiff's custody case was remanded to state court. (Op. & Order, 25-CV-04594 ECF No. 54.)

II. **The Instant Action**

On June 23, 2025, Plaintiff filed a Complaint in the Supreme Court of the State of New York, Bronx County, against Defendants Bronx Pro Realty and Unimac Developers LLC (together,

2

"Defendants") alleging violations of three federal statutes: the Fair Housing Act, the Americans with Disabilities Act and Section 504 of the Rehabilitation Act of 1973. (Compl., ECF No. 1-1, at PDF p. 4.) On July 21, 2025, Defendants timely removed the action to this Court based upon the Court having subject matter jurisdiction over Plaintiff's federal claims. (Not. of Removal, ECF No. 1, ¶¶ 8-9.)

On July 23, 2025, District Judge Ho referred this action to the undersigned for general pretrial management and dispositive motions. (Order of Ref., ECF No. 7.) On July 24, 2025, the undersigned granted Defendants' request for an extension of time until August 29, 2025 to respond to the Complaint. (7/24/25 Order, ECF No. 8.)

On August 7, 2025, Plaintiff filed her motion for a writ of mandamus that currently is before the Court, as well as a separate objection to proceedings continuing in the SDNY. (*See* Verified Pet.; Pl.'s 8/7/25 Obj., ECF No. 11.) On August 13, 2025, Plaintiff filed her motion for an immediate hearing and, on August 19, 2025 filed a letter clarifying that her filings at ECF No. 10, 11 and 18 are directed to the Court and "concern conflicts of interest that directly implicate this Court's ability to proceed as a neutral forum." (Pl.'s 8/19/25 Ltr., ECF No. 20.)

## DISCUSSION

### I. Petition For Mandamus

The import of Plaintiff's filings appear to be that the entire SDNY bench is prejudiced against her based on claims she has asserted in other cases pending in this court. (*See* Verified Pet.; Pl.'s 8/7/25 Obj.) To the extent that Plaintiff seeks a writ of mandamus, rather than transfer of venue or a motion for recusal (discussed below), her motion is denied. First, "a district court lacks authority to issue a writ of mandamus to another district court." *Veale v. United States*, No.

05-CV-00104, 2006 WL 751242, at *5 (D. Vt. Mar. 10, 2006); *see also Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1246 (10th Cir. 2007) ("For a district court to issue a writ of mandamus against an equal or higher court would be remarkable.").[1] In any event, "[m]andamus is an extraordinary remedy, available only in extraordinary circumstances." *Aref v. United States*, 452 F.3d 202, 206 (2d Cir. 2006). "A writ of mandamus may issue only if the petitioner can show: '(1) a clear right in the plaintiff to the relief sought; (2) a plainly defined and peremptory duty on the part of the defendant to do the act in question; and (3) no other adequate remedy is available.'" *Smith v. McKay*, No. 23-CV-00588 (SVN), 2023 WL 7089898, at *1 (D. Conn. Oct. 26, 2023) (quoting *Anderson v. Bowen*, 881 F.2d 1, 5 (2d Cir. 1989) (cleaned up)). Plaintiff has not met this "strict" standard. *See id.*

## II.     Motion To Transfer Venue[2]

There are two federal statutes that govern transfer of venue in federal court – 28 U.S.C. § 1404[3] and 28 U.S.C. § 1406. Section 1404 allows a district court to transfer a civil action to another district where the action could have been brought for the convenience of parties and

---

[1] Plaintiff cites to 28 U.S.C. § 1361 in support of her request for mandamus relief. (Verified Pet. at PDF pp. 1-2.) However, that statute only applies when a plaintiff seeks "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff[,]" 28 U.S.C. § 1361, and thus has no application here. *See Liberation News Serv. v. Eastland*, 426 F.2d 1379, 1384 (2d Cir. 1970) (["I]n enacting [§] 1361 . . . Congress was thinking solely in terms of the executive branch[.]"); *see also Semper v. Gomez*, No. 12-CV-00079, 2013 WL 2451711, at *6 (D.V.I. June 4, 2013), *aff'd in relevant part*, 747 F.3d 229 (3d Cir. 2014) (relief under Mandamus Act "not applicable to defendants affiliated with a court") (citing, *inter alia*, *Liberation*, 426 F.2d at 1382).

[2] A motion for transfer of venue is a non-dispositive motion, unless it addresses the fundamental question of whether a case should remain in federal court, which is not at issue here. *See Atari Interactive, Inc. v. Target Corp.*, No. 19-CV-03111 (LAK) (OTW), 2019 WL 6728860, at *2 (S.D.N.Y. Dec. 10, 2019); *see also Salgado v. NYS Dep't of Corr. & Cmty. Supervision*, No. 13-CV-01108 (RJA) (MJR), 2018 WL 1663255, at *2 (W.D.N.Y. Apr. 6, 2018) (collecting cases). Thus, the Court is deciding the pending motion via an Opinion and Order, rather than making a Report and Recommendation.

[3] Plaintiff cites to 28 U.S.C. § 1404(a) in her motion. (*See* Verified Pet. at PDF p. 8.)

witnesses and in the interest of justice. *See* 28 U.S.C. § 1404(a). "In deciding whether to transfer a case from one judicial district to another, a court first examines whether the case could have been brought in the other district." *Pence v. GEE Grp., Inc.*, 236 F. Supp. 3d 843, 849 (S.D.N.Y. 2017) (citing cases). If the case could have been brought in the proposed transferee district, a court must then examine several factors, commonly referred to as "private" and "public-interest" factors. *Id*. at 850. Transfer may be appropriate where the moving party shows by "clear and convincing" evidence that the balance of convenience favors transfer. *N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 114 (2d Cir. 2010).[4] Section 1406 governs cases where venue is improper in the original district. Under this statute, if venue is improper, the district court must either dismiss the case or transfer it to a district or division where it could have been brought, if such transfer is in the interest of justice *See* 28 U.S.C.A. § 1406(a).

In the present case, Plaintiff has not articulated valid grounds for the transfer of venue under either statute. Plaintiff has not made a showing that there is another federal district in which this case could have been brought. Nor has Plaintiff made a showing that the SDNY is an inconvenient forum. Indeed, the Complaint alleges matters that occurred in this District. (*See generally* Compl.) Thus, there is no basis to transfer venue under Section 1404.

---

[4] The Second Circuit has listed the following factors as appropriate for consideration in determining whether to grant a motion to transfer venue:

> (1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, and (7) the relative means of the parties.

*N.Y. Marine*, 599 F.3d at 112 (internal quotation marks omitted) (quoting *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 106-07 (2d Cir. 2006)).

Plaintiff also has not made a showing that venue is improper in this District. The statute governing the removal procedure provides for removal to the federal district court in which the action is pending. *See* 28 U.S.C. § 1446(a). Since Bronx County is situated in the SDNY, the removal properly was made to this District and thus venue is proper in this District.

Instead of meeting the statutory requirements for a change of venue, Plaintiff argues in a conclusory manner that the entire SDNY bench somehow is disqualified from hearing this case, such that the case must be transferred to a judge outside of the SDNY. (*See* Verified Pet.at PDF p. 3.) However, alleged bias is not a ground for transfer. *See Pinkard v. Baldwin Richardson Foods Co.*, No. 09-CV-06308 (MWP), 2013 WL 1308713, at *9 (W.D.N.Y. Mar. 28, 2013) (denying motion to transfer based on alleged bias, prejudice and unprofessional treatment and resistance to fair treatment in Western District of New York) (citing cases).

### III.     Motion For Recusal

Finally, to the extent that Plaintiff seeks this Court's recusal under 28 U.S.C. § 455 (*see* Verified Pet. at PDF p. 3 (citing 28 U.S.C. § 455)), that motion also is denied. Section 455(a) requires that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "[T]he test for whether an appearance of partiality exists 'is an objective one based on what a reasonable person knowing all the facts would conclude.'" *Litovich v. Bank of Am. Corp.*, 106 F.4th 218, 224 (2d Cir. 2024) (quoting *Chase Manhattan Bank v. Affiliated FM Ins. Co.*, 343 F.3d 120, 127 (2d Cir. 2003)). Section 455(b) "addresses the problem of actual bias by mandating recusal in certain specific circumstances where partiality is presumed." *United States v. Bayless*, 201 F.3d 116, 126 (2d Cir. 2000); *see also* 28 U.S.C. § 455(b).

"The Second Circuit has cautioned that the grounds asserted in a recusal motion must be scrutinized with care, and judges should not recuse themselves solely because a party claims an appearance of partiality." *Febrianti v. NYC Health & Hosps.*, No. 23-CV-06175 (JLR) (SDA), 2025 WL 460055, at *2-3 (S.D.N.Y. Jan. 21, 2025) (cleaned up), *objections overruled*, 2025 WL 294658 (S.D.N.Y. Jan. 24, 2025). "Importantly, where the standards governing disqualification are not met, disqualification is not optional; rather, it is prohibited." *Id.* (cleaned up); *see also In re Aguinda*, 241 F.3d 194, 201 (2d Cir. 2001).

Plaintiff has not made any factual showing as to why District Judge Ho and/or the undersigned should recuse ourselves. Rather, Plaintiff's allegations of misconduct or bias appear to be limited to state court proceedings in Bronx Family Court or particular allegations regarding docket activity and filings in other cases. Accordingly, to the extent Plaintiff's motion filed at ECF No. 10 can be construed as a motion for recusal, that motion is denied. *See Davidson v. Off. of Ct. Admin.*, No. 22-CV-8936 (PGG) (VF), 2025 WL 831586, at *2 (S.D.N.Y. Feb. 20, 2025) (motion for recusal denied where plaintiff failed to articulate facts to support finding that judge's recusal was warranted).

## **CONCLUSION**

For the foregoing reasons, Plaintiff's motion seeking a writ of mandamus (ECF No. 10) is DENIED. In addition, Plaintiff's motion for an immediate hearing and ruling on her motion to transfer venue (ECF No. 18) is DENIED AS MOOT.

**SO ORDERED.**

Dated: New York, New York
August 22, 2025

_____
STEWART D. AARON
United States Magistrate Judge

8