**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **Brendalis Roldan,** | |
| **Plaintiff,** | |
| **-against-** | |
| **Bronx Pro Realty, et al.,** | |
| **Defendants.** | |

**1:25-cv-05943 (DEH) (SDA)**

<u>**ORDER**</u>

**STEWART D. AARON, United States Magistrate Judge**:

Pending before the Court are the following motions filed by Plaintiff: (1) a motion for a change of venue (Pl.'s 9/11/25 Notice, ECF No. 33); (2) five motions to compel (Pl.'s 11/3/25 Notice of Mot., ECF No. 43; Pl.'s 11/19/25 Notice of Mot., ECF No. 51; Pl.'s 12/1/25 Notice, ECF No. 56; Pl.'s 1/5/26 Notice, ECF No. 62; Pl.'s 4/1/26 Notice, ECF No. 71); (3) a motion for appointment of pro bono counsel (Pl.'s 2/12/26 App., ECF No. 69); and (4) a motion to proceed *in forma pauperis* (Pls.' 2/12/16 App., ECF No. 70). For the reasons set forth below, Plaintiff's motion to proceed *in forma pauperis* is GRANTED and Plaintiff's remaining motions are DENIED.

<u>**BACKGROUND**</u>

On June 23, 2025, Plaintiff filed a Complaint in the Supreme Court of the State of New York, Bronx County, against Defendants Bronx Pro Realty and Unimac Developers LLC (together, "Defendants") alleging violations of three federal statutes: the Fair Housing Act, the Americans with Disabilities Act and Section 504 of the Rehabilitation Act of 1973. (Compl., ECF No. 1-1, at PDF p. 4.) On July 21, 2025, Defendants timely removed the action to this Court based upon the Court having subject matter jurisdiction over Plaintiff's federal claims. (Not. of Removal, ECF No. 1, ¶¶ 8-9.)

On July 23, 2025, District Judge Ho referred this action to the undersigned for general pretrial management and dispositive motions. (Order of Ref., ECF No. 7.) On August 29, 2025, Defendants filed a motion to dismiss that is pending before the Court. (Defs.' Mot. to Dismiss, ECF No. 27.) On August 7, 2025, Plaintiff filed a motion for a writ of mandamus and other motions, which the Court construed as a motion for a change of venue and a motion to recuse. (*See* 8/22/25 Order, ECF No. 22.) The Court denied those motions on August 22, 2025. (*See id.*) Thereafter, Plaintiff filed a notice of interlocutory appeal. (Pl.'s 8/25/25 Notice, ECF No. 25.) The United States Court of Appeals for the Second Circuit denied Plaintiff's petition for mandamus on February 5, 2026. (*See* Mandate, ECF No. 66.)

## DISCUSSION

### I.    Plaintiff's Motion For Change Of Venue

On September 11, 2025, Plaintiff filed another request for change of venue due to "judicial conflict." (Pl.'s 9/11/25 Notice at 1.) The Court previously found that Plaintiff had not met the statutory requirements for a change of venue under either 28 U.S.C. § 1404 or 28 U.S.C. § 1406. (8/22/25 Order at 4-6.) Nothing in Plaintiff's September 11, 2025 Notice addresses those deficiencies. Notably, Plaintiff has not identified any "judicial misconduct review" that is the purported basis for her motion. (*See id*. at 3) As the Court previously discussed, alleged bias is not a ground for transfer. (*See* 8/22/25 Order at 6.) Accordingly, Plaintiff's request to change venue is denied for the same reasons that her prior motion was denied.

### II.    Plaintiff's Motions To Compel

On November 3, 2025, Plaintiff filed a motion seeking to compel Defendants to produce video surveillance footage, logs and communications from her apartment building from July 31,

2025 to August 1, 2025, related to an alleged mail tampering incident, and for related relief, including sanctions. (Pl.'s 11/3/25 Notice of Mot., ECF No. 43.) On November 19, 2025, Plaintiff filed another motion seeking to compel similar information through August 2, 2025. (Pl.'s 11/19/25 Notice of Mot., ECF No. 51.) On January 5, 2026, Plaintiff filed a motion seeking to compel immediate production of outstanding discovery, as well as sanctions and other relief. (Pl.'s 1/5/26 Notice, ECF No. 62.) On April 1, 2026, Plaintiff filed another motion to compel seeking production of the footage as well as sanctions. (Pl.'s 4/1/26 Notice, ECF No. 71.) Defendants have opposed each of these motions, arguing, *inter alia*, that they are procedurally improper and seek information that is either not relevant or should be obtained from other entities. (*See* Defs.' 11/6/25 Response, ECF No. 46; Defs.' 1/12/26 Response, ECF No. 63; Defs.' 4/3/26 Response, ECF No. 72.) Defendants also acknowledge their obligation to preserve any relevant documentation related to this litigation. (*See, e.g.*, Defs.' 11/6/25 Response at 2 ("Defendants have been instructed to fulfill their preservation obligations.").)

Plaintiff's motions to compel are denied without prejudice as premature. Given Defendants' pending motion to dismiss and Plaintiff's pending motion to amend, the Court has not yet scheduled a Rule 16(b) conference or issued a scheduling Order. *See Mandala v. NTT Data, Inc.*, 18-CV-06591 (MAV) (CDH), 2026 WL 111325, at *3 (W.D.N.Y. Jan. 15, 2026) ("Courts in this Circuit have held that a pending dispositive motion is good cause to delay issuance of a scheduling order.") (citing cases). Accordingly, any discovery requests served by Plaintiff are premature. *See* Fed. R. Civ. P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . by court order."). Moreover, it is not clear that Plaintiff has conferred with Defendants in a good faith effort to resolve any

disputes, as required by Federal Rule of Civil Procedure 37(a)(1). (*See* Defs.' 4/3/26 Response at 1.)

### III. Plaintiff's Motion To Compel Case Management Records

On December 1, 2025, Plaintiff filed a notice of irregularity and evidentiary discrepancies and motion to compel case management file records. (Pl.'s 12/1/25 Notice, ECF No. 56). This motion also is denied. Plaintiff has not identified any alleged irregularities, discrepancies or instances of suppression that are the purported basis for her motion. Moreover, as in a related case brought by Plaintiff where Judge Tarnofsky denied an identical motion, Plaintiff has failed to explain why the information she seeks is relevant to her claims. (*See* 2/13/26 R&R and Order, 25-CV-04594 ECF No. 112, at 4.)

### IV. Plaintiff's Motions To Proceed *In Forma Pauperis* And For The Appointment Of Pro Bono Counsel

Because this action was removed from New York State court by Defendants, Plaintiff was not required to pay a filing fee. However, the same statute that allows an indigent party to proceed without prepayment of fees, also provides that the court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Thus, in order to consider appointing counsel, the Court first must be satisfied that Plaintiff meets the financial requirements for proceeding IFP and cannot afford an attorney. *See Heise v. Nat'l R.R. Passenger Corp.*, 20-CV-00878 (LEK) (ATB), 2020 WL 8771346, at *1 (N.D.N.Y. Aug. 31, 2020) (citing *Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 855 F.2d 22, 23-24 (2d Cir. 1988) (statute only allows appointment of counsel where litigant is indigent)). Having reviewed Plaintiff's application, her request to proceed *in forma pauperis* is granted.

However, unlike in criminal cases, in civil cases there is no requirement that courts supply indigent litigants with counsel. *See Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, the courts have "broad discretion" when deciding whether to grant an indigent litigant's request for pro bono representation. *Id.* Even if a court believes that a litigant should have a free lawyer, under the *in forma pauperis* statute, a court has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant. *See Mallard v. US. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301-10 (1989). Moreover, courts do not have funds to pay counsel in civil matters. Courts must therefore grant applications for pro bono counsel sparingly, and with reference to public benefit, in order to preserve the "precious commodity" of volunteer-lawyer time for those litigants whose causes are truly deserving. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

In *Hodge*, the Second Circuit set forth the factors a court should consider in deciding whether to grant an indigent litigant's request for pro bono counsel. *See Hodge*, 802 F.2d at 61-62. Of course, the litigant first must demonstrate that he or she is indigent, for example, by successfully applying for leave to proceed *in forma pauperis*. The court then must consider whether the litigant's claim "seems likely to be of substance"— "a requirement that must be taken seriously." *Id.* at 60-61. If these threshold requirements are met, the court must next consider such factors as: (1) the indigent's ability to investigate the crucial facts, (2) whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, (3) the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination. *Id.*; *see also Cooper*, 877 F.2d at 172 (listing factors courts should consider,

including litigant's efforts to obtain counsel). In considering these factors, district courts should neither apply bright-line rules nor automatically deny the request for counsel until the application has survived a dispositive motion. *See Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). Rather, each application must be decided on its own facts. *See Hodge*, 802 F.2d at 61.

On the current record, the Court finds that Plaintiff's claims are not "likely to be of substance." *Hodge*, 802 F.2d 61-62. Moreover, even considering the remaining *Hodge* factors, Plaintiff has not shown that she cannot investigate crucial facts or that her claims are such that she would be unable to research and present her case. Accordingly, Plaintiff's application for the appointment of pro bono counsel is denied.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for a change of venue (ECF No. 33), motions to compel (ECF Nos. 43, 51, 56, 62 and 71) and motion for appointment of pro bono counsel (ECF No. 69) are DENIED and Plaintiff's motion to proceed *in forma pauperis* (ECF No. 70) is GRANTED.

**SO ORDERED.**

Dated:   New York, New York
         April 18, 2026

_____
STEWART D. AARON
United States Magistrate Judge

6