UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Brendalis Roldan,

Plaintiff,

v.

Bronx Pro Realty, et al.,

Defendants.

25 Civ. 5943 (DEH) (SDA)

**MEMORANDUM OPINION AND ORDER**

DALE E. HO, United States District Judge:

Plaintiff Brendalis Roldan, proceeding *pro se*, brings claims under the Fair Housing Act ("FHA"), 42 U.S.C. § 3601 *et seq.*, the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 against Defendants Bronx Pro Realty and Unimac Developers LLC (collectively, "Defendants"). Defendants moved to dismiss Ms. Roldan's claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Ms. Roldan has also moved to amend her Complaint.

Before the Court is the Report and Recommendation (the "Report" or the "R. & R.") on Ms. Roldan's Motion to Amend and Defendants' Motion to Dismiss. The Report recommends that Ms. Roldan's motion to amend be denied without prejudice and that Defendants' motion to dismiss be granted in part and denied in part. For the reasons that follow, the Report is **ADOPTED IN FULL**.

Also before the Court are two motions seeking, in essence, reconsideration of a prior decision by this Court denying a temporary restraining order. Those motions are **DENIED**.

## BACKGROUND[1]

This action is assigned to Magistrate Judge Aaron for general pretrial supervision and report and recommendation on dispositive motions. The Court assumes familiarity with the factual background and relevant procedural history of this case as set out in the Report.

On April 18, 2026, Magistrate Judge Aaron issued the Report.[2] Ms. Roldan filed her objections on April 20, 2026.[3] Defendants filed their objections on May 4, 2026.[4] Ms. Roldan responded to Defendants' objections on May 8, 2026.[5]

The Report recommends that Ms. Roldan's motion to amend be denied without prejudice, that Defendants' motion to dismiss be granted as to all claims except for Ms. Roldan's failure to accommodate claims regarding a walk-in shower and ADA-compliant toilet, and that Ms. Roldan be granted leave to amend her complaint.[6]

More specifically, the Report recommends that Ms. Roldan's discrimination claims premised on allegations around delay/denial of a dishwasher, mail tampering, distribution of her keys, and her request to repair a pipe leak in her kitchen be dismissed as time-barred.[7] The Report also recommends that Ms. Roldan's discrimination claims premised on allegations around failure to replace a fire/carbon monoxide detector, failure to provide an emergency safety transfer, and

---

[1] The following facts are taken from the Complaint and are assumed to be true for purposes of this motion. *See, e.g.*, *LaFaro v. N.Y. Cardiothoracic Grp., PLLC*, 570 F.3d 471, 475 (2d Cir. 2009).

[2] ECF No. 75.

[3] Pl.'s Objs., ECF No. 76.

[4] Defs.' Objs., ECF No. 77.

[5] Pl.'s Resp. Opp'n Defs.' Objs. ("Pl.'s Resp."), ECF No. 79.

[6] Report at 27.

[7] *Id.* at 18.

failure to provide an ADA-compliant toilet or walk-in shower be dismissed because of Ms. Roldan's failure to allege disparate treatment.[8] Finally, it recommends that Ms. Roldan's failure to accommodate claim under the FHA premised on denial of a fire/carbon monoxide detector be dismissed because of Ms. Roldan's failure to allege facts to suggest how the device would be an accommodation for her particular disability.[9]

Ms. Roldan objects to dismissal of those claims.[10] Defendants object to denial of the motion to dismiss Ms. Roldan's failure to accommodate claims premised on her requests for a walk-in shower and ADA-compliant toilet.[11]

## LEGAL STANDARDS[12]

### A. Report and Recommendation

When reviewing a Report and Recommendation, a court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."[13] For dispositive matters, a district judge is required to "determine de novo any part of the magistrate judge's disposition that has been properly objected to" by any party.[14] For those portions to which no proper objection is made, a district court need only satisfy itself that there is no "clear error on the face of the record."[15]

---

[8] *Id.* at 19-21.

[9] *Id.* at 23.

[10] Pl.'s Objs. ¶ 3.

[11] Defs.'s Objs. at 4-6.

[12] All references to Rules are to the Federal Rules of Civil Procedure. In all quotations from cases, the Court omits citations, alterations, emphases, internal quotation marks, and ellipses, unless otherwise indicated.

[13] 28 U.S.C. § 636(b)(1)(C).

[14] Fed. R. Civ. P. 72(b)(3).

[15] *Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 n.4 (2d Cir. 2022).

An objection is proper when it is timely, specific, and does "not raise new arguments not previously made before the magistrate judge."[16] A district judge may not reject a party's objections by "appl[ying] an additional qualification . . . [that] require[es] that an objection may not reiterate . . . arguments already raised before the magistrate judge."[17] But, when a party has not properly made objections, for instance, by making "objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [papers, it] will not suffice to invoke de novo review."[18]

**B. Motion to Dismiss**

To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[19] In assessing the complaint, the court "must construe it liberally, accepting all factual allegations therein as true and drawing all reasonable inferences in the plaintiff's favor."[20] But the court must disregard any "conclusory allegations, such as 'formulaic recitations of the elements of a cause of action.'"[21]

---

[16] *Nambiar v. Cent. Orthopedic Grp., LLP*, 158 F.4th 349, 359 (2d Cir. 2025).

[17] *Id.* at 359-60.

[18] *Owusu v. N.Y. State Ins.*, 655 F. Supp. 2d 308, 313 (S.D.N.Y. 2009); *see also Nambiar*, 158 F.4th at 361 ("But as we explained, [clear error review] should be applied *only* when the objections are nonspecific or merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition.").

[19] *Sacerdote v. N.Y. Univ.*, 9 F.4th 95, 106 (2d Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

[20] *Id.* at 106-07.

[21] *Id.* at 107 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

### C. Motion to Amend

The Federal Rules of Civil Procedure provide that "a party may amend its pleading[s] . . . [with] the court's leave," and the "court should freely give leave when justice so requires."[22] Motions for leave to amend "should generally be denied in instances of futility, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving party."[23] Leave to amend may be denied if "amendment would be futile."[24]

## DISCUSSION

### I. Time-Barred Claims

The Report recommends that various of Ms. Roldan's claims be dismissed as time-barred—namely, her claims regarding delay/denial of a dishwasher, mail tampering, distribution of her keys, and her request to repair a pipe leak in her kitchen.[25] Ms. Roldan objects only to dismissal of her claim arising from allegations about interference with her mail.[26]

"A claim under the Fair Housing Act must be brought within two years 'after the occurrence or the termination of an alleged discriminatory housing practice.'"[27] "Because the ADA and Rehabilitation Act do not contain statute of limitations provisions, courts look to

---

[22] Fed. R. Civ. P. 15(a)(2).

[23] *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008).

[24] *Chunn v. Amtrak*, 916 F.3d 204, 208 (2d Cir. 2019).

[25] Report at 18.

[26] Pl.'s Objs. ¶¶ 7-14.

[27] *Stone v. 23rd Chelsea Assocs.*, No. 18 Civ. 3869, 2020 WL 1503671, at *6 (S.D.N.Y. Mar. 30, 2020).

analogous state law to determine the applicable limitations period."[28] "In New York, the State's three-year personal injury statute of limitations applies to claims brought under Title II of the ADA and the Rehabilitation Act."[29] Because Ms. Roldan filed her Complaint on June 23, 2025, her claims under the FHA that accrued prior to June 23, 2023 and her claims under the ADA or Rehabilitation Act that accrued prior to June 23, 2022 are barred by the applicable statutes of limitations.

Ms. Roldan does not object to the Report's recommendation that her claims regarding delay/denial of a dishwasher, distribution of her keys, and her request to repair a pipe leak in her kitchen, should be dismissed as time-barred. Where no timely objection has been made to a magistrate judge's recommendations, "a district court need only satisfy itself that there is no clear error on the face of the record."[30] The Court has reviewed the Report's recommendation to dismiss these claims as time-barred, and has found no error, clear or otherwise. Those claims are therefore dismissed.

Ms. Roldan does, however, object to the Report's recommendation to dismiss as time-barred her claim based on allegations of mail tampering. The Report reasoned that this claim should be dismissed because the Complaint does not allege any facts that such tampering occurred later than June 23, 2022.[31] Ms. Roldan objects, arguing that the Report "fails to account for ongoing and recent conduct within the applicable limitations period."[32] Ms. Roldan asserts, for

---

[28] *Bolden v. Westchester Cnty. N. Y. Bd. of Ethics*, No. 22 Civ. 10555, 2023 WL 3976931, at *12 (S.D.N.Y. June 12, 2023).

[29] *Id.* (citing N.Y. C.P.L.R. § 214(5)).

[30] *Kuan v. Notoriety Grp. LLC*, No. 22 Civ. 1583, 2023 WL 3936749, at *1 (S.D.N.Y. June 9, 2023).

[31] Report at 17.

[32] Pl.'s Objs. ¶ 7.

the first time, that on one occasion in April 2026 she received mail approximately one month after it was dated.[33] She also asserts that in April 2026 she received a document in her mailbox that did not appear to bear legitimate postage.[34]

But these assertions do not address the reasoning in the Report. As Judge Aaron observed, there are no *non-conclusory* allegations within Ms. Roldan's Complaint about incidents of mail tampering that occurred following June 2022.[35] Although the Complaint states that "Mail Tampering and Privacy Violations" have occurred from "2021–Present," it fails to describe in a non-conclusory fashion how any such alleged tampering has persisted beyond 2022.[36] The Complaint makes no mention of the purported April 2026 incidents referenced in her objections. But even if the Court were to consider those incidents now, they are similarly alleged only in a conclusory manner that fails to adequately indicate actual tampering of her mail. Any claim based on allegations of mail tampering is therefore barred by the applicable statute of limitations. Accordingly, the Court overrules Ms. Roldan's objection and adopts the portion of the Report recommending dismissal of that claim.

## II. Disparate Treatment

The Report recommends dismissal of claims brought under a theory of intentional discrimination because the Complaint fails to allege that the Defendants' actions with respect to the Ms. Roldan were motivated by discriminatory intent.[37] Ms. Roldan objects, arguing that she

---

[33] *Id.* ¶ 11.

[34] *Id.* ¶ 13.

[35] *See* Complaint at 5-6, 24-27, ECF No. 1-1.

[36] *Id.* at 5-6.

[37] Report at 20-21.

has adequately alleged discrimination through pleading that comparators were treated differently when they requested a walk-in shower or safety transfers.[38]

"Because of similarities in the three statutes, intentional discrimination claims under the ADA, Rehabilitation Act, and FHA are considered in tandem."[39] To bring a discrimination claim based on disparate treatment, a complaint must allege "facts showing that [the plaintiff's] disability was at least a motivating factor with regard to h[er] allegations of discrimination against [the defendants]."[40] "[A] plaintiff can raise an inference of discrimination by demonstrating the disparate treatment of at least one similarly situated [person] outside [her] protected group and sufficient facts from which it may reasonably be inferred that 'the plaintiff's and comparator's circumstances . . . bear a reasonably close resemblance.'"[41]

In her Complaint, Ms. Roldan alleges that comparators received disparate treatment. With respect to her request for a walk-in shower, Ms. Roldan notes that another tenant in the building received a walk-in shower in response to their similar request.[42] With respect to her request for a safety transfer, the Complaint alleges that "Plaintiff directly observed that other tenants, including individuals employed in law enforcement capacities, were promptly granted transfers under similar or even less urgent circumstances."[43]

---

[38] Pl.'s Objs. ¶¶ 15-16.

[39] *Forziano v. Indep. Grp. Home Living Program, Inc.*, 613 F. App'x 15, 18 (2d Cir. 2015) (summary order).

[40] *Ballentine v. Post Graduate Ctr. for Mental Health*, No. 25 Civ. 515, 2026 WL 866846, at *3 (S.D.N.Y. Mar. 30, 2026).

[41] *Sutter v. Dibello*, No. 18 Civ. 817, 2021 WL 930459, at *21 (E.D.N.Y. Mar. 10, 2021) (quoting Hu v. City of New York, 927 F.3d 81, 96-97 (2d Cir. 2019)).

[42] Complaint at 6-7.

[43] *Id.* at 12.

"While there is no precise formula to determine whether an individual is similarly situated to comparators, . . . at the motion to dismiss stage, a plaintiff must still allege facts that plausibly demonstrate that [she] is similarly situated to the comparators."[44] Ms. Roldan's Complaint fails to adequately allege disparate treatment by comparators in two respects. First, as Judge Aaron's Report notes, the Complaint fails to allege in a non-conclusory fashion how Ms. Roldan is similarly situated to the comparators who allegedly received a walk-in shower or safety transfer.[45] Second, Ms. Roldan fails to allege that the purported comparators are outside her protected group.

Accordingly, the Court overrules Ms. Roldan's objection and adopts the portion of the Report dismissing her claims based on disparate treatment.

## III. Provision of a Fire/Carbon Monoxide Detector

The Report recommends dismissal of Ms. Roldan's failure to accommodate claim premised on the lack of a fire/carbon monoxide detector.[46] To state a claim for failure to reasonably accommodate under the FHA, a plaintiff must plausibly allege that "(1) [she has] a handicap within the meaning of [the FHA]; (2) that the defendant knew or reasonably should have been expected to know of the handicap; (3) that the accommodation was likely necessary to afford the handicapped person an equal opportunity to use and enjoy the dwelling; (4) that the accommodation requested was reasonable; and (5) that the defendant refused to make the requested accommodation."[47]

---

[44] *Marom v. Town of Greenburgh*, No. 18 Civ. 7637, 2020 WL 4891339, at *4 (S.D.N.Y. Aug. 19, 2020).

[45] Report at 20-21.

[46] Report at 23.

[47] *Charugundla v. Lasala*, No. 25 Civ. 2314, 2025 WL 2695691, at *3 (S.D.N.Y. Sep. 22, 2025).

The Report recommends dismissal of these claims because "Plaintiff has not alleged facts to suggest how these devices are an accommodation for her particular disability."[48] Ms. Roldan purports to object to this portion of the Report, but she does not engage with the Report's reasoning on this point in any substantive way.[49] Because of Ms. Roldan's failure to address the Report's reasoning in her objections on this point, the Court reviews that portion of the Report for clear error. Having reviewed it, the Court finds no error. It therefore adopts it and dismisses Ms. Roldan's failure to accommodate claim related to the fire/carbon monoxide detector.

## IV. Walk-in Shower and ADA-Compliant Toilet

Defendants object to the Report insofar as it does not recommend dismissal of Ms. Roldan's failure to accommodate claims premised on her request for a walk-in shower and ADA-compliant toilet.[50] To bring a failure to accommodate claim under the FHA, a plaintiff must allege that "(1) [she has] a handicap within the meaning of [the FHA]; (2) that the defendant knew or reasonably should have been expected to know of the handicap; (3) that the accommodation was likely necessary to afford the handicapped person an equal opportunity to use and enjoy the dwelling; (4) that the accommodation requested was reasonable; and (5) that the defendant refused to make the requested accommodation."[51] Defendants object based only on the final element, arguing that that "Plaintiff has not plausibly alleged that Defendants refused to make the requested accommodation."[52] Specifically, Defendants argue that in response to Ms. Roldan's requests for

[48] Report at 23; *see Higgins v. 120 Riverside Boulevard at Trump Place Condo.*, No. 21 Civ. 4203, 2022 WL 3920044, at *20 (S.D.N.Y. Aug. 31, 2022) (dismissing plaintiff's FHA claim for failing to allege how a request would serve as an accommodation for her particular disability).

[49] Pl.'s Objs. ¶ 17.

[50] Defs.'s Objs. at 1.

[51] *Olsen v. Stark Homes, Inc.*, 759 F.3d 140, 156 (2d Cir. 2014).

[52] Defs.'s Objs. at 5.

accommodations, Defendants requested additional documentation, but that Ms. Roldan never provided it.[53]

In support of their argument, Defendants cite to a portion of the Complaint purporting to show communications between Ms. Roldan and Defendants' representatives.[54] Within those communications, Ms. Roldan initially requested and then repeatedly followed up on the request for a walk-in shower and separately requested an ADA-compliant toilet.[55] Defendants characterize these communications as a "conce[ssion]" that "Defendants requested proper documentation or additional information before moving forward with Plaintiff's requests," and argue that Ms. Roldan never alleges that she provided Defendants with the requested information.[56] Defendants argue that in light of these facts, Ms. Roldan has failed to allege that Defendants actually refused her request for accommodations.

The Court disagrees. The Complaint alleges that Ms. Roldan initially requested a walk-in shower in January 2021 and an ADA-compliant toilet in 2024.[57] It further alleges that Ms. Roldan repeatedly contacted Defendants about these requests, and that Ms. Roldan provided medical documentation to substantiate her need for accommodations.[58] Nothing in the Complaint amounts to a concession that Defendants ever attempted to comply with the request, and the communications Defendants cite demonstrate that Ms. Roldan continuously attempted to pursue

---

[53] *See id.*

[54] *Id.* at 5.

[55] Complaint at 35-44, 70, 85.

[56] *See* Defs.'s Objs. at 5.

[57] Complaint at 6-7, 8-9.

[58] *Id.*

her request.[59] The Complaint adequately alleges that Defendants' failure to take steps to fulfill the repeated requests, made years prior to the filing of the lawsuit, amount to a refusal.

Accordingly, the Court overrules Defendants' objection and adopts the portion of the Report denying the motion to dismiss with respect to Ms. Roldan's failure to accommodate claims premised on the lack of a walk-in shower and ADA-compliant toilet.

## V. Leave to Amend

Ms. Roldan also moves to amend her Complaint in order to, among other things, add additional Defendants. The Report recommended denying Ms. Roldan's motion to amend without prejudice,[60] and Defendants do not object to that portion of the Report. Since Ms. Roldan filed her motion to amend without the necessary proposed amended pleadings, the Report recommended that her motion be denied without prejudice. This Court has reviewed that portion of the report, and finds no error in it, clear or otherwise. To the extent that this Court's approval is necessary, it adopts that portion of the Report and denies the Motion to Amend without prejudice to a renewed motion accompanied by a copy of the proposed amended pleadings.

The Court notes, however, that the Report clearly states that "any amended pleading by Plaintiff may include new allegations *related to the claims pled in this action*. To the extent that Plaintiff seeks to add fresh claims based upon unrelated allegations, *Plaintiff must commence a separate, plenary action to do so*."[61] This Court reiterates those guidelines—Plaintiff may, in an

---

[59] *Cf. Currin v. Glenwood Mgmt. Corp.*, No. 20 Civ. 6047, 2021 WL 4710485, at *4 (S.D.N.Y. Oct. 8, 2021) (complaint alleged defendants made actual attempts to comply with accommodation requests); *Garcia v. Univ. of Mount Saint Vincent*, No. 25 Civ. 9570, 2026 WL 1723470, at *4 (S.D.N.Y. June 15, 2026) (no refusal due to plaintiff's failure to engage with interactive process around accommodations).

[60] *See* Report at 26-27.

[61] Report at 3 (emphasis added).

amended complaint, add claims related to those that she has already brought in this case; any new claims must be the subject of a separate lawsuit.

**VI. Motion for Reconsideration and Motion for Emergency Relief**

Ms. Roldan also seeks reconsideration of this Court's decision denying a temporary restraining order (TRO) with respect to her eviction proceedings,[62] and has filed a separate motion for emergency relief in connection with those proceedings.[63] These motions seek essentially the same relief: the motion for reconsideration seeks reconsideration of this Court's decision denying Ms. Roldan's request for a TRO in connection with her eviction proceedings,[64] while the latest motion for emergency relief seeks the same thing,[65] while also making various allegations of fraud in connection with those proceedings. Because both motions seek the same relief that Ms. Roldan previously sought in her initial motion for a TRO, the Court construes both as motions for reconsideration of the Court's denial of a TRO.

These motions are denied. In essence, Ms. Roldan seeks to relitigate her request to stay her eviction proceedings. But as the Court stated previously, it is prohibited by the Anti-Injunction Act from granting the relief that Ms. Roldan seeks.[66] She raises no arguments meriting reconsideration, such as evidence or binding authority that the Court improperly failed to consider in its previous decision. While Ms. Roldan does provide more detail regarding her allegations of

---

[62] ECF No. 84.

[63] ECF No. 89.

[64] ECF No. 84 at 2 (seeking to block Defendants from "terminat[ing] Plaintiff's tenancy").

[65] *See* ECF No. 89 at 5 (seeking "an interim stay" of proceedings in "Bronx Housing Court").

[66] *See* ECF No. 83.

fraud,[67] she raised these concerns generally in her initial motion,[68] and the Court determined that they have no bearing on its conclusion that the Court lacks authority to grant any relief with respect to her eviction proceedings. Ms. Roldan's arguments concerning the alleged impropriety of her eviction may be addressed in the proper forum, that is, in Bronx County Housing Court.

## CONCLUSION

For the foregoing reasons, the Report is **ADOPTED IN FULL**. Defendants' motion to dismiss is **DENIED** with respect to Ms. Roldan's failure to accommodate claims premised on her requests for a walk-in shower and ADA-compliant toilet; it is **GRANTED** as to all other claims, which are hereby dismissed. Ms. Roldan's motion to amend is **DENIED WITHOUT PREJUDICE**, and she is separately **GRANTED** leave to amend her Complaint. Finally, her motions for reconsideration of the Court's denial of a TRO are **DENIED**.

Within thirty (30) days of this Order, Ms. Roldan may file an Amended Complaint. The Amended Complaint shall be accompanied by a separate letter briefly listing any new defendants and any new claims that have been added.

The Clerk of Court is respectfully requested to terminate ECF Nos. 27, 44, 84, and 89.

SO ORDERED.

Dated: September 9, 2026

New York, New York

DALE E. HO
United States District Judge

[67] *See* ECF No. 89 at 2-4.

[68] *See* ECF No. 80 at 1 (alleging Defendants engaged in a "fraudulent attempt to terminate her residential tenancy.").