**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**Brendalis Roldan,**

**Plaintiff,**

**-against-**

**Bronx Pro Realty, et al.,**

**Defendants.**

**1:25-cv-05943 (DEH) (SDA)**

**OPINION AND ORDER**

**STEWART D. AARON, United States Magistrate Judge**:

Pending before the Court is a motion by *pro se* Plaintiff Brendalis Roldan ("Plaintiff"), pursuant to 28 U.S.C. § 455(a), seeking recusal of the undersigned. (Pl.'s 10/22/26 Mot., ECF No. 105.) For the reasons set forth below, Plaintiff's motion is DENIED.

**BACKGROUND**

On April 18, 2026, the undersigned issued a Report and Recommendation recommending that the motion by Defendants Bronx Pro Group, LLC and Unimac Developer, L.P. (the "Original Defendants") to dismiss Plaintiff's Complaint be granted in part and that Plaintiff be given leave to amend. (See 4/18/26 R&R, ECF No. 75, at 27.) On September 10, 2026, District Judge Ho entered a Memorandum Opinion and Order adopting the recommendations. (*See* 9/10/26 Mem. Op. & Order, ECF No. 90, at 14.) On September 30, 2026, Plaintiff filed an Amended Complaint in which she chose to add two new defendants, Jennifer Anne and Michael Thompson (the "New Defendants"). (*See* Am. Compl., ECF No. 92.)

On October 14, 2026, the Original Defendants filed a letter motion to stay their time to respond to the Amended Complaint pending service of the Amended Complaint upon the New Defendants. (*See* Defs.' 10/14/26 Ltr. Mot., ECF No. 93.) On October 15, 2026, the undersigned

granted the motion and directed Plaintiff to request the issuance of summonses and to serve the New Defendants no later than November 16, 2026. (*See* 10/15/26 Order, ECF No. 94.) On October 19, 2026, the undersigned denied Plaintiff's requests for reconsideration of the October 15, 2026 Order. (*See* 10/19/26 Order, ECF No. 103.) On October 22, 2026, Plaintiff filed the instant motion to recuse. (*See* Pl.'s 10/22/26 Mot.)

## **LEGAL STANDARDS**

The Legal Standards for Plaintiff's motion to recuse were set forth in a prior Opinion and Order in this case, as follows:

> Section 455(a) requires that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "[T]he test for whether an appearance of partiality exists 'is an objective one based on what a reasonable person knowing all the facts would conclude.'" *Litovich v. Bank of Am. Corp.*, 106 F.4th 218, 224 (2d Cir. 2024) (quoting *Chase Manhattan Bank v. Affiliated FM Ins. Co.*, 343 F.3d 120, 127 (2d Cir. 2003)). Section 455(b) "addresses the problem of actual bias by mandating recusal in certain specific circumstances where partiality is presumed." *United States v. Bayless*, 201 F.3d 116, 126 (2d Cir. 2000); *see also* 28 U.S.C. § 455(b).
>
> "The Second Circuit has cautioned that the grounds asserted in a recusal motion must be scrutinized with care, and judges should not recuse themselves solely because a party claims an appearance of partiality." *Febrianti v. NYC Health & Hosps.*, No. 23-CV-06175 (JLR) (SDA), 2025 WL 460055, at *2-3 (S.D.N.Y. Jan. 21, 2025) (cleaned up), *objections overruled*, 2025 WL 294658 (S.D.N.Y. Jan. 24, 2025). "Importantly, where the standards governing disqualification are not met, disqualification is not optional; rather, it is prohibited." *Id.* (cleaned up); *see also In re Aguinda*, 241 F.3d 194, 201 (2d Cir. 2001).

*Roldan v. Bronx Pro Realty*, No. 25-CV-05943 (DEH) (SDA), 2025 WL 2424576, at *3-4 (S.D.N.Y. Aug. 22, 2025), *appeal dismissed*, 2026 WL 508103 (2d Cir. Jan. 14, 2026).

## DISCUSSION

Plaintiff seeks recusal of the undersigned triggered by the prompt grant of the motion by the Original Defendants to stay their response to the Amended Complaint pending service of the Amended Complaint on the New Defendants (*see* 10/15/26 Order, ECF No. 94), arguing that this was "evidence of disparate treatment" because there have been delays in Plaintiff obtaining the summonses that are needed to serve the New Defendants. (Pl.'s 10/22/26 Mot. at PDF pp. 3-5, 9.)

Under Rule 15 of the Federal Rules of Civil Procedure, the Original Defendants were due to file a response to the Amended Complaint by October 14, 2026, *i.e.*, within 14 days, "[u]nless the court orders otherwise." *See* Fed. R. Civ. P. 15(a)(3). On October 14, 2026, the Original Defendants moved for a stay of their response to the Amended Complaint pending service of the Amended Complaint upon the New Defendants. (*See* Defs.' 10/14/26 Ltr. Mot.) The next day, the undersigned granted the Original Defendants' motion as a matter of docket management so that the dates for all defendants to respond to the Amended Complaint can be aligned. In these circumstances, and after a review of Plaintiff's motion, the undersigned finds no objective appearance of partiality and no basis for recusal.[1]

## CONCLUSION

For the foregoing reasons, Plaintiff's motion (ECF No. 105) is DENIED.

[1] The undersigned is not responsible for any delays associated with issuance of the summonses.

**SO ORDERED.**

Dated: New York, New York
October 26, 2026

[signature]
STEWART D. AARON
United States Magistrate Judge